**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-00308 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE CARMEN |
| | ) | HENDERSON |
| LAUREN GUY et al, | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |

Before the Court is Defendant Lauren Guy's ("Guy") Motion to Reconsider Denial of Bond ("Motion"). (ECF No. 21). For the reasons explained below, the relief sought in Guy's Motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

#### a. The Charges

As the result of a law enforcement investigation following a traffic stop of Guy on January, 23, 2022, and a subsequent investigation into the criminal activity of Guy's alleged associate, Robert Wesley Carter ("Carter), a criminal complaint was filed May 10, 2022, charging Guy with offenses relating to drug possession, drug trafficking, assaulting law enforcement officers, and firearm possession. (ECF No. 1, PageID# 1). A Federal Grand Jury indicted Guy on June 9, 2022 on four counts: (1) Possession with Intent to Distribute Cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); (2) Felon in Possession of a Firearm and Ammunition under 18 U.S.C. § 922(g)(1); (3) Possessing a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A)(i) (all of these first three allegations were related to the January 23, 2022 traffic stop); and (4) Felon in Possession of a Firearm and Ammunition under 18 U.S.C. § 922(g)(1) relating to March 29, 2022. (ECF No. 14).

### b. The Detention Hearing

A detention hearing was conducted before Magistrate Judge Jonathan Greenberg by videoconference on May 20, 2022. (ECF No. 31, Transcript of Preliminary/Detention Hearing Proceedings ("Transcript"), PageID# 252). The Court accepted evidence and heard arguments on both probable cause and detention. (*Id.*). In support of probable cause, the Government proffered the Criminal Complaint, the May 10, 2022 Affidavit of Detective Matthew Zone ("Affidavit"), and the May 19, 2022 Pretrial Services Report. (*Id.* at PageID# 258). The Government also noted that Guy was in possession of a firearm when he was arrested on May 13, 2022. (*Id.* at PageID# 259).

Guy, through counsel, argued that Guy's co-defendant, Carter, was the primary target of the investigation leading to Guy's arrest, and that the Affidavit focuses heavily on the activities of Carter and another co-defendant, Brandon Perkins ("Perkins") largely to Guy's exclusion. (*Id.* at PageID# 259–60). Guy's counsel also explained that, during the January 23, 2022 traffic stop, law enforcement recovered a firearm that was not in plain view, but was in the backseat of the car beneath a cushion. (*Id.* at PageID# 260). Guy's counsel stated that a gun exchange discussed in the Affidavit, which law enforcement gleaned through a wiretapped conversation between Carter and an individual named "Mainor," was not witnessed by law enforcement. (*Id.* at PageID# 261). His counsel also averred that while Guy was shot by assailants, there was no evidence that he shot a firearm; there was also some question as to whether he or Carter was the intended target. (*Id.*).

Guy's counsel went on to explain that there is no evidence of Guy selling drugs and that, at the time of the arrest, Guy had no weapons or drugs on his person. (*Id.* at PageID# 262). He argued that the Government's allegation that Guy assaulted officers (for which Guy has not been

indicted) is unfair because the officers were acting in an undercover capacity, and he believed them to be carjackers. (*Id.*). Guy's counsel added that Guy was not driving the car that fled from police and struck a police vehicle on March 29, 2022; he further asserted that the firearms and drugs found during searches of residences are not alleged to be associated with Guy. (*Id.* at PageID# 264). Later during the hearing, Guy's counsel added that Guy requires continuous medical treatment for the injury he sustained when he was shot in March of this year. (*Id.* at PageID# 271).

In support of bond, Guy presented the testimony of Lyshae Cross, his fiancée. (*Id.* at PageID# 265). Ms. Cross testified that Guy has worked as a CDL driver for her trucking business since 2020, which permits him to "either stay in the state, in Ohio, or . . . go outside of the state hauling general freight." (*Id.* at PageID# 266). Ms. Cross stated that Guy has been receiving mental health treatment, and that if released on bond, Guy would live in her home in Beachwood, Ohio. (*Id.* at PageID# 268). On cross-examination, Ms. Cross confirmed that (1) Guy was arrested at her home in Beachwood; (2) she was present for his arrest; (3) she is aware that law enforcement found a firearm in her home during the arrest; and (5) she is aware that Guy is prohibited from possessing a firearm because of his prior convictions and current court supervision by Portage County. (*Id.* at PageID# 269).

Magistrate Judge Greenberg then heard arguments from the Government. On the matter of probable cause, the Government stated that paragraph 15 of the Affidavit sufficiently establishes probable cause; law enforcement pulled Guy over on January 23, 2022, during a routine traffic stop and, upon smelling marijuana, removed him from the car and patted him down, discovering crack cocaine on his person. (*Id.* at PageID# 271). Upon searching the car, officers found lottery tickets (which Government counsel states are typically associated with drug trafficking), a marijuana cigarette, more crack cocaine, and a stolen firearm. (*Id.* at PageID# 272).

In response, Guy's counsel reminded the Court that the firearm found during the traffic stop was not in plain view and has not been tied to Guy by fingerprint or DNA evidence. (*Id.* at PageID# 276–77). As it pertains to Guy's fleeing from law enforcement during his March 29, 2022 arrest, Guy's counsel reminded the Court that Guy was not driving the car and there is no evidence that he, or anyone, threw firearms or drugs out the window of the car. (*Id.* at PageID# 277).

On the matter of detention, the Government explained that there is a presumption of detention in this matter because Guy has been charged under the Controlled Substances Act where the maximum term of imprisonment exceeds ten years. (*Id.* at PageID# 274). The Government argued in addition that Guy is a flight risk and a danger to the community based on his numerous failures to appear in prior cases, his history of recidivism while out on bond, his repeated possession of firearms while under court supervision, and his involvement in a shooting on March 28, 2022. (*Id.* at PageID# 274–75). The Government, however, confirmed that Guy had not previously left the jurisdiction while out on bond. (*Id.*). The Government insisted that the Pretrial Service Report shows Guy does not follow the rules of supervision nor rules of the Court, and that detention is necessary to guarantee Guy's appearance in Court and the safety of the community. (*Id.* at PageID# 276).

In response, Guy's counsel stated that Guy's shooting injury does not imply that Guy was "involved in shooting at anybody," and that Guy has no convictions involving harming another individual apart from an older, misdemeanor domestic violence charge. (*Id.* at PageID# 278). Moreover, because Guy was shot, Guy's counsel again explained that Guy requires regular medical treatment. (*Id.*). Finally, Guy's counsel indicated that Guy would be amenable to GPS monitoring and/or any other bond conditions the Court deems appropriate. (*Id.* at PageID# 279).

### c. The Detention Order and Guy's Motion

On the same day as the hearing, Magistrate Judge Greenberg issued a Detention Order Pending Trial, ordering Guy held without bond during these proceedings (ECF No. 9). The Detention Order bases detention on findings that (1) "there is probable cause to believe that the defendant has committed an offense for which a maximum prison term of ten years or more is prescribed in 21 USC 846; 21 USC 841(a)(1)"; and (2) "[t]he defendant has not rebutted the presumption . . . that no condition will reasonably assure the defendant's appearance and the safety of the community." (ECF No. 9, PageID# 49). The Detention Order bases detention on "clear and convincing evidence", including "Defendant's substance abuse history; his history of failure to appear; the nature of the instant offense; his violent behavior history; his pattern of similar criminal activity history; and his history of criminal activity while under supervision," that "no condition or combination of conditions will reasonably assure the Defendant's appearance and the safety of the community." (*Id.* at PageID# 50).

Guy moved this Court to reconsider Magistrate Judge Greenberg's Detention Order on July 1, 2022 (ECF No. 21), noting his employment as a CDL driver, which he could resume if released on bond, his ongoing medical needs resulting from the March shooting, his obligations as a parent to four young children, and the availability of a residence in a suburb far from criminal activity. (ECF No. 21, PageID# 189–90).

The Government opposed Guy's Motion (ECF No. 27). It argued that the Detention Order should remain in place because the mitigating factors discussed in Guy's Motion were all heard by Magistrate Judge Greenberg during the May 20, 2022 detention hearing; the government also averred that the four statutory factors enumerated in 18 U.S.C. § 3142(g) all weigh in favor of

detention. (*Id.* at PageID# 216–19). The Government noted that the changed circumstance Guy's Motion describes is insufficient to justify release on bond. (*Id.* at PageID# 214).

## II. LAW AND ANALYSIS

### a. Standard of Review

Guy's motion is for reconsideration of the Detention Order. While the motion does not cite a particular statute as its basis, reopening or reconsidering a detention order is governed by 18 U.S.C. § 3142(f).

Under § 3142(f), the detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f); *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). The new information before the Court "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.* The filing of an indictment after the detention order is issued, particularly when the indictment does not expand beyond the allegations and charges in the criminal complaint, is not a change of circumstance warranting a reopening the detention hearing; it does not increase the likelihood that the defendant will appear at trial, and it does not decrease the likelihood that he/she will be a danger to the community. *See United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) ("New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something

unexpected, or a significant event."); *United States v. Ford*, 455 F. Supp. 3d 512, 517 (S.D. Ohio 2020) (same).

In Guy's Motion, the only changed circumstance offered for purposes of reconsideration is the fact that he is now indicted. (ECF No. 21, PageID# 190). As previously stated, that alone is an insufficient basis for reconsidering the detention order under 18 U.S.C. § 3142(f). However, the Court notes that Guy is not charged with assaulting officers in the Indictment, as he was in the Complaint. (ECF Nos. 1, 14). This is a changed circumstance that was unknown to Guy or his counsel at the time of the detention hearing and is necessarily relevant to the calculus of risk of flight and/or danger to the community.

### b. Legal Standard for Detention

The Bail Reform Act permits detention pending trial only if a judicial officer finds, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. "Detention premised on nonappearance requires preponderant evidence of flight risk." *United States v. Byrd*, No. 5:22-cr-00010, 2022 WL 964189, at *1 (E.D. Ky. Mar. 30, 2022). Detention based on dangerousness, however, must be "supported by clear and convincing evidence." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(f)(2)(b)).

The default rule that a defendant should ordinarily be released pending trial is modified, however, for "particularly dangerous defendants." *Id.* The United States Code at 18 U.S.C. § 3142(e)(3) provides that where a "judicial officer finds that there is probable cause to believe that a person committed" certain offenses, including offenses under the Controlled Substances Act, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." The Sixth Circuit

"routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Stone*, 608 F.3d at 947 n.6 (citing *United States v. Hinton*, 113 F. App'x 76 (6th Cir. 2004); *United States v. Ortiz*, 71 F. App'x 542 (6th Cir. 2003); *United States v. Miller*, 39 F. App'x 278 (6th Cir. 2002)).

Rebutting the section 3142(e)(3) presumption requires a defendant to present evidence that he or she "does not pose a danger to the community or risk of flight." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). While the defendant's burden is not difficult to satisfy, satisfaction of the burden does not negate the presumption of detention. *Id.* Rather, the presumption remains because it "represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *Id.* at 946 (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). Rebutting the presumption of detention therefore requires the defendant to "present all the special features of his case that take it outside the congressional paradigm." *Id.*

When a defendant produces evidence that rebuts the section 3142(e)(3) presumption, the Court must look to 18 U.S.C. § 3142(g), which enumerates four factors to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) The weight of the evidence against the person;
> (3) The history and characteristics of the person, including—
>   (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug

8

> > or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). *See Stone*, 608 F.3d at 945 (explaining proper procedure when a defendant produces evidence to rebut the section 3142(e)(3) presumption). Thus, if the Government established probable cause that Guy committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more, and if Guy put forth evidence to rebut the presumption of detention resulting from such probable cause, this Court's analysis must include the factors enumerated in section 3142(g). *See Stone*, 608 F.3d at 945–46.

### c. The Section 3142 Analysis

The Government has shown probable cause that Guy committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more. The Grand Jury Indictment alone "establishes probable cause to believe that a defendant committed the crime with which he is charged." *Stone*, 608 F.3d at 945. Here, Count One of the Indictment charges Guy with Possession with Intent to Distribute Cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Therefore, the Government has met its burden to show probable cause.

Guy has also produced some evidence that he is not dangerous nor a flight risk. Ms. Cross testified that Guy could stay with her in Beachwood, Ohio while out on bond, that he has been

9

working diligently to address his mental health, and that he has a legitimate career as a CDL driver for her trucking company. Ms. Cross testified that, if released on bond, Guy would be able to return to work. Guy's counsel also pointed out that Guy's prior record lacks any significant indication of danger to others, and that Guy was a passive victim of a shooting; in other words, the fact that Guy was shot does not mean that Guy was actively involved in dangerous activity justifying detention for the sake of community safety.

The Court finds that Guy has presented sufficient evidence to rebut the presumption. Thus, the Court must analyze each section 3142(g) factor to determine whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community. *Stone*, 608 F.3d at 945.

1. ***Nature and Circumstances of the Offenses (18 U.S.C. § 3142(g)(1))***

The charges against Guy include offenses relating to both controlled substances and firearms. Each of the four-counts of the Indictment against Guy fall into one of those two categories. The allegations, if true, occurred while Guy was on probation supervision in another case. Thus, this factor weighs in favor of detention.

2. ***Weight of the Evidence and History and Characteristics (18 U.S.C. § 3142(g)(2) and (g)(3))***

The weight-of-the-evidence factor under section 3142(g)(2) "goes to the weight of evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). *See United States v. Tawfik*, 852 F. App'x 965, 966 (6th Cir. 2021) (same); *United States v. Spivak*, 555 F. Supp. 3d 541, 548 (N.D. Ohio 2021) (clarifying that the weight-of-the-evidence factor of section 3142(g)(2) "is not a pretrial determination of guilt"). At the detention hearing, the Government relied upon the Affidavit and the Pretrial Services Report to establish that Guy was arrested on January 23,

2022, in possession of crack cocaine, a firearm, and materials the Government represents are typical evidence of drug trafficking. (ECF No. 31, PageID# 273). Guy's case related to the January 23, 2022 traffic stop was pending in state court during the events recounted in the Affidavit on March 28, March 29, and May 13, 2022. Each time Guy was arrested (on January 23, March 29, and May 13, 2022), a gun was found in association with that arrest; on two of those occasions, drugs were also found. The Pretrial Services Report shows that Guy was convicted of having a weapon under disability in 2008, 2014, and 2017. It also shows that Guy has been convicted of drug trafficking offenses twice in 2008, and of felony drug possession in 2014. At all times relevant to the instant charges, he was under community control supervision with authorities in Portage County Ohio for a 2019 attempted burglary conviction.

Guy argues that he should be released on bond because he will live with his fiancée, Ms. Cross, in a suburb far from criminal activity, and notes that Ms. Cross has a full-time job and no criminal record. (ECF No. 21, PageID# 190; ECF No. 31, PageID# 279). During the detention hearing, however, Ms. Cross acknowledged Guy was arrested at the home where Guy proposes to live while awaiting trial; at the time, there was a firearm in the home, even though he was prohibited from possessing a firearm due to his prior convictions and ongoing court supervision. (*Id.* at PageID# 269).

The Government argues in its opposition to Guy's Motion that Guy's criminal history and personal characteristics show that he presents a danger to the community and a flight risk. (ECF No. 27, PageID# 216–17). The Government also asserts that Guy's failure to appear in lower-level criminal matters indicates he is a flight risk. (*Id.*). It also avers that, due to his criminal history, he will likely be a career offender if convicted of the instant charges; as such, he will face significantly more time in jail than in previous cases and is more likely to flee. (*Id.*). The

11

Government notes that, as a CDL truck driver, it is unclear how that employment—which potentially takes him throughout and outside of the State of Ohio—could mitigate Guy's risk of flight. (*Id.*) Finally, the Government argues that given Guy's criminal history and the nature of the instant charges, the danger posed by releasing Guy weighs in favor of detention. (*Id*. at PageID# 219).

The Pretrial Services Report proffered by the Government shows a history of substance abuse, repeated criminal activity, supervision violations, and failures to appear. (*See* Pretrial Services Report). The Court takes note, though, that one alleged failure to appear which occurred in 2008 appears to have happened at the beginning of the case; this is often due to a failure of notice. Another alleged failure to appear occurred in 2014; the warrant for that incident was recalled and Guy was found not guilty of contempt. (*See* Pretrial Services Report).

Guy asserts that his employment as a CDL driver and the promise of employment if released on bond should weigh in favor of release. (ECF No. 21, PageID# 189–90). Guy also states that his medical needs resulting from the March 28, 2022 shooting are ongoing. (*Id.* at PageID# 190). He further asserts that he has parental obligations to his four children, including transporting them to school and extracurricular activities, and providing for them financially. (*Id.*). The Pretrial Services Report confirms Guy's employment, as well as ongoing mental health treatment. (*See* Pretrial Services Report).

Guy's history of firearm possession and/or association with firearms generally and while under supervision, including while residing with Ms. Cross, supports detention; this, combined with his history of drug trafficking, further warrants detention. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Considering the evidence proffered and presented at the

detention hearing, the Court is not assured that Guy will not pose a danger to the community if released on bond.

While Guy's employment, family ties, and medical needs are important and relevant factors that this Court takes seriously in its analysis under section 3142(g)(3), those considerations are outweighed by Guy's lengthy history of criminal activity, the nature of that activity, his supervision violations, and the fact that he may be a career offender if convicted in this case. These considerations weigh heavily in favor of detention.

    3. *Nature and Seriousness of the Danger posed by Guy's Release (18 U.S.C. 3142(g)(4))*

Finally, with regard to the nature and seriousness of the danger posed by Guy's release, the Government argues that Guy's history of illegally possessing firearms, the firearms charges in this case, and Guy's involvement in a shooting, support detention. The Affidavit details the shooting, which was intercepted over a court-authorized wiretap. (ECF No. 1-1, PageID# 19–21, ¶¶ 31–33). The intercepted calls tend to indicate that Guy and Carter were shot at while driving together. (*Id.* at ¶ 32). Carter then allegedly gave Guy a gun and told him to "switch your car." (*Id.*). However, according to Carter's alleged account of the attack quoted in the Affidavit, the assailants pursued Guy and shot him three times. (*Id.*). Carter supposedly told Robert Mainor that Guy shot back. (*Id.* at ¶ 31). In a subsequent conversation, Carter allegedly tells an Unknown Female his belief that Guy was the target of the shooting. (*Id.* at ¶ 33).

Guy's counsel argued at the detention hearing that Guy was a victim of, not an active participant in, a shooting. (ECF No. 31, PageID# 278). Guy's counsel also noted that Guy has

never been convicted of a violent crime apart from a misdemeanor domestic violence conviction that occurred some time ago. (*Id.*).[1]

The Court makes no findings as to the Affidavit's account of Carter's purported statements regarding the March 28, 2022 shooting; however, there is no question that a shooting occurred and Guy was shot. While there is not sufficient information before the Court to indicate that Guy was an active shooter, the concerns created by the shooting and Guy's known history support his detention under section 3142(g)(4). *See United States v. Smith*, No. 20-cr-814, 2021 WL 615301, at *6 (N.D. Ohio Feb. 17, 2021) (agreeing with Magistrate Judge Henderson's worries "about situations when there's drugs and guns, particularly a situation where it shows that worry to be true, there's drugs and we have people being shot . . . ."); *United States v. Edwards*, No. 07-20605, 2010 WL 157516, at *5 (E.D. Mich. Jan. 13, 2010) (finding that continued possession of firearms and alleged involvement in shooting supports detention under the "nature and seriousness of the danger posed by the defendant's release" prong of section 3142(g)); *United States v. Watson*, No. 10-cr-30323, 2010 WL 3272934, at *6 (E.D. Mich. Aug. 12, 2010) (expressing "extreme hesitation" with permitting a defendant allegedly involved in a shooting back into the community). Out of an abundance of caution, the Court denies Guy a bond pending trial.

### III.     CONCLUSION

The Court has reconsidered the Magistrate Judge's denial of bond. Based on the foregoing analysis, Mr. Guy's request for bond is hereby **DENIED**. There is clear and convincing evidence that Guy will pose a serious danger to the community if released on bond. There is also a preponderance of evidence that he presents a risk of non-appearance or flight if released. There are no conditions or combination of conditions that would ameliorate these concerns.

---

[1] While the Court appreciates defense counsel's argument, it should be noted for the sake of accuracy that, according to the Pretrial Services Report, Guy was convicted of misdemeanor assault in 2017. (*See* Pretrial Services Report).

**IT IS SO ORDERED.**

**Date: August 16, 2022**

_____
**JUDGE CHARLES E. FLEMING
UNITED STATES DISTRICT COURT**